1  McGREGOR W. SCOTT
   United States Attorney
2  SHEA J. KENNY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,                CASE NO.  2:19-CR-00058-TLN

12                      Plaintiff,           STIPULATION REGARDING EXCLUDABLE
                                             TIME PERIODS UNDER SPEEDY TRIAL ACT;
13              v.                           FINDINGS AND ORDER

14  DARNELL RAY OWENS,                       DATE: April 23, 2020
                                             TIME: 9:30 a.m.
15                      Defendant.           COURT: Hon. Troy L. Nunley

16

17         By previous order, this case is set for status on April 23, 2020.  On April 17, 2020, this Court

18  issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled

19  to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date

20  after June 1.  This and previous General Orders were entered to address public health concerns related to

21  COVID-19.

22         Although the General Orders address the district-wide health concern, the Supreme Court has

23  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

24  openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

25  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

26  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

27  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

28  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

    STIPULATION REGARDING EXCLUDABLE TIME          1
    PERIODS UNDER SPEEDY TRIAL ACT

1    or in writing").

2         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

3    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

4    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

5    the ends of justice served by taking such action outweigh the best interest of the public and the

6    defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

7    "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

8    ends of justice served by the granting of such continuance outweigh the best interests of the public and

9    the defendant in a speedy trial." *Id.*

10        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

11   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

12   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

13   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

14   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

15   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

16   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

17   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

18   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

19        In light of the societal context created by the foregoing, this Court should consider the following

20   case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

21   justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

22   for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

23   continuance must be "specifically limited in time").

                                              **STIPULATION**

24

25        Plaintiff United States of America, by and through its counsel of record, and defendant, by and

26   through defendant's counsel of record, hereby stipulate as follows:

27

---

28        [1] The parties note that General Order 612 acknowledges that a district judge may make
     "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
     Cal. March 18, 2020).

1.       By previous order, this matter was set for status on April 23, 2020.

2.       By this stipulation, defendant now moves to continue the status conference until July 16, 2020, at 9:30 a.m., and to exclude time between April 23, 2020, and July 16, 2020, under Local Code T4.

3.       The parties agree and stipulate, and request that the Court find the following:

      a)       The government has represented that the discovery thus far produced in this case includes approximately 2,416 pages of documents including investigative reports, laboratory reports, information regarding potential witnesses, and copies of letters that form the bases of the charges in this case, as well as other letters and writing of the defendant.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

      b)       The government has represented that additional discovery will be produced on a rolling basis as it is gathered and prepared for production.

      c)       In addition to the public health concerns cited by General Order 617, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel for defendant desires additional time to review the discovery, consult with his client, conduct investigation and research related to the charges and to otherwise prepare for trial.  Further, the government has extended a plea offer, and counsel for the defendant requires additional time to consult with his client regarding potential resolutions of the case and to conduct research into various matters that could potentially affect sentencing.

      d)       Defense counsel has also represented that as part of its investigation, defense counsel requires additional time to retain and consult with an expert to conduct an evaluation of the defendant.  Such an evaluation is necessary for defense preparation as an evaluation is necessary for defense counsel to effectively consult with the defendant regarding the status of the case, to discuss case strategy and potential resolutions with the defendant, and to otherwise prepare for trial.  Since the parties' previous stipulation, defense counsel has continued his attempts to retain an expert; however, due to scheduling issues beyond defense counsel's control, the defense has been delayed in obtaining an appropriate expert.  Defense is requesting additional time to do so.

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

1            e)      Defense counsel also requests this continuance on the grounds that a continuance

2    is necessary to ensure effective preparation and continuity of counsel.  Counsel for defendant has

3    further represented that he is currently set to begin a separate trial in June 2020, in the matter of

4    *United States v. Akieam Harris*, 2:20-CR-00049-JAM.  Defense counsel will be actively

5    preparing for this trial, particularly in the months of May and June.

6            f)      Counsel for defendant believes that failure to grant the above-requested

7    continuance would deny the defendant continuity of counsel and would deny defense counsel the

8    reasonable time necessary for effective preparation, taking into account the exercise of due

9    diligence.

10            g)      The government does not object to the continuance.

11            h)      Based on the above-stated findings, the ends of justice served by continuing the

12    case as requested outweigh the interest of the public and the defendant in a trial within the

13    original date prescribed by the Speedy Trial Act.

14            i)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

15    et seq., within which trial must commence, the time period of April 23, 2020 to July 16, 2020,

16    inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

17    because it results from a continuance granted by the Court at defendant's request on the basis of

18    the Court's finding that the ends of justice served by taking such action outweigh the best interest

19    of the public and the defendant in a speedy trial.

20    / / /

21    / / /

22    / / /

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

1     / / /

2          4.          Nothing in this stipulation and order shall preclude a finding that other provisions of the

3     Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

4     must commence.

5          IT IS SO STIPULATED.

6

7

8     Dated:  April 20, 2020                          McGREGOR W. SCOTT
                                                       United States Attorney

9

10                                                     /s/ SHEA J. KENNY
                                                       SHEA J. KENNY
11                                                     Assistant United States Attorney

12

13    Dated:  April 20, 2020                          /s/ JEROME PRICE
                                                       JEROME PRICE
14                                                     Counsel for Defendant
                                                       DARNELL RAY OWENS

15

16

17

18                              **FINDINGS AND ORDER**

19          IT IS SO FOUND AND ORDERED this 21st day of April, 2020.

20

21

22

23    _____
      Troy L. Nunley
24    United States District Judge

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    5
PERIODS UNDER SPEEDY TRIAL ACT