McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>DARNELL RAY OWENS,<br><br>                                    Defendant. | CASE NO.  2:19-CR-00058 TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 19, 2020<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

This case is set for status on November 19, 2020.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice." Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2, 2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were entered to address public health concerns related to COVID-19.

Although the General Orders and declarations of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

1

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2]  If continued, this Court should designate a new date

___

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on November 19, 2020.

2.      By this stipulation, defendant now moves to continue the status conference until January 7, 2021, at 9:30 a.m., and to exclude time between November 19, 2020, and January 7, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes approximately 2,416 pages of documents including investigative reports, laboratory reports, information regarding potential witnesses, and copies of letters that form the bases of the charges in this case, as well as other letters and writing of the defendant.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      The government has represented that additional discovery will be produced on a rolling basis as it is gathered and prepared for production.

c)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel for defendant desires additional time to review the discovery, consult with his client, conduct investigation and research related to the charges and to otherwise prepare for trial.  Further, the government has extended a plea offer, and counsel for the defendant requires additional time to consult with his client regarding potential resolutions of the case and to conduct research into various matters that could potentially affect sentencing.

d)      Defense counsel has also represented that as part of its investigation, defense counsel requires additional time to retain and consult with an expert to conduct an evaluation of the defendant.  Such an evaluation is necessary for defense preparation as an evaluation is

1   necessary for defense counsel to effectively consult with the defendant regarding the status of the

2   case, to discuss case strategy and potential resolutions with the defendant, and to otherwise

3   prepare for trial.  Since the parties' previous stipulation, defense counsel has continued his

4   attempts to retain an expert; however, due to scheduling issues beyond defense counsel's control,

5   the defense has been delayed in obtaining an appropriate expert.  Defense is requesting

6   additional time to do so.

7         e)    Counsel for defendant believes that failure to grant the above-requested

8   continuance would deny him the reasonable time necessary for effective preparation, taking into

9   account the exercise of due diligence.

10         f)    The government does not object to the continuance.

11         g)    Based on the above-stated findings, the ends of justice served by continuing the

12   case as requested outweigh the interest of the public and the defendant in a trial within the

13   original date prescribed by the Speedy Trial Act.

14         h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

15   et seq., within which trial must commence, the time period of November 19, 2020 to January 7,

16   2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code

17   T4] because it results from a continuance granted by the Court at defendant's request on the basis

18   of the Court's finding that the ends of justice served by taking such action outweigh the best

19   interest of the public and the defendant in a speedy trial.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 13, 2020

McGREGOR W. SCOTT
United States Attorney


/s/ SHEA J. KENNY
SHEA J. KENNY
Assistant United States Attorney


Dated:  November 13, 2020

/s/ JEROME PRICE
JEROME PRICE
Counsel for Defendant
DARNELL RAY OWENS


**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 13th day of November, 2020.


Troy L. Nunley
United States District Judge