McGREGOR W. SCOTT
United States Attorney
SHEA J. KENNY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>                    v.<br><br>DARNELL RAY OWENS,<br><br>                              Defendant. | CASE NO.  2:19-CR-00058 TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: January 7, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

        This case is set for status on January 7, 2021.  On May 13, 2020, this Court issued General Order

618, which suspends all jury trials in the Eastern District of California "until further notice."  Further,

pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174,

and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

entered to address public health concerns related to COVID-19.

        Although the General Orders and declarations of emergency address the district-wide health

concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

"counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

_____

        [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[2]  If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

1   for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

2   continuance must be "specifically limited in time").

3                                          **STIPULATION**

4           Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5   through defendant's counsel of record, hereby stipulate as follows:

6           1.      By previous order, this matter was set for status on January 7, 2021.

7           2.      By this stipulation, defendant now moves to continue the status conference until March

8   25, 2021, at 9:30 a.m., and to exclude time between January 7, 2021, and March 25, 2021, under 18

9   U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

10          3.      The parties agree and stipulate, and request that the Court find the following:

11                  a)      The government has represented that the discovery associated with this case

12  includes approximately 2,416 pages of documents including investigative reports, laboratory

13  reports, information regarding potential witnesses, and copies of letters that form the bases of the

14  charges in this case, as well as other letters and writing of the defendant.  All of this discovery

15  has been either produced directly to counsel and/or made available for inspection and copying.

16                  b)      The government has represented that additional discovery will be produced on a

17  rolling basis as it is gathered and prepared for production.

18                  c)      In addition to the public health concerns cited by the General Orders and

19  declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an

20  ends-of-justice delay is particularly apt in this case because counsel for defendant desires

21  additional time to review the discovery, consult with his client, conduct investigation and

22  research related to the charges and to otherwise prepare for trial.  Further, the government has

23  extended a plea offer, and counsel for the defendant requires additional time to consult with his

24  client regarding potential resolutions of the case and to conduct research into various matters that

25  could potentially affect sentencing.

26                  d)      Defense counsel has also represented that since the parties' previous stipulation,

27  Defense counsel has consulted with an expert to conduct an evaluation of the defendant for

28  defense investigation purposes. Additional time is required, in part, to finalize the logistics of

completing an evaluation at the Sacramento County Jail through remote means.  Defense is requesting additional time to do so.

e)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

f)      The government does not object to the continuance.

g)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

h)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 7, 2021 to March 25, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 5, 2021                                  McGREGOR W. SCOTT
                                                         United States Attorney


                                                         /s/ SHEA J. KENNY
                                                         SHEA J. KENNY
                                                         Assistant United States Attorney


Dated:  January 5, 2021                                  /s/ JEROME PRICE
                                                         JEROME PRICE
                                                         Counsel for Defendant
                                                         DARNELL RAY OWENS


## FINDINGS AND ORDER

IT IS SO FOUND AND ORDERED this 5th day of January, 2021.


                                                         Troy L. Nunley
                                                         United States District Judge