1   PHILLIP A. TALBERT
    Acting United States Attorney
2   SHEA J. KENNY
    Assistant United States Attorney
3   501 I Street, Suite 10-100
    Sacramento, CA 95814
4   Telephone:  (916) 554-2700
    Facsimile:  (916) 554-2900
5
6   Attorneys for Plaintiff
    United States of America
7
8                   IN THE UNITED STATES DISTRICT COURT
9                   EASTERN DISTRICT OF CALIFORNIA
10
11  UNITED STATES OF AMERICA,              CASE NO.  2:19-CR-00058 TLN
12                     Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13             v.                          FINDINGS AND ORDER
14  DARNELL RAY OWENS,                     DATE: March 25, 2021
                                           TIME: 9:30 a.m.
15                     Defendant.          COURT: Hon. Troy L. Nunley
16
17          This case is set for status on March 25, 2021.  On May 13, 2020, this Court issued General Order

18  618, which suspends all jury trials in the Eastern District of California "until further notice."  Further,

19  pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174,

20  and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial

21  emergency, this Court has allowed district judges to continue all criminal matters to a date after May 2,

22  2021.[1]  This and previous General Orders, as well as the declarations of judicial emergency, were

23  entered to address public health concerns related to COVID-19.

24          Although the General Orders and declarations of emergency address the district-wide health

25  concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision

26  "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record

27  _____

28      [1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the
    request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order
    will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION REGARDING EXCLUDABLE TIME          1
PERIODS UNDER SPEEDY TRIAL ACT

findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [2] If continued, this Court should designate a new date

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

for the status.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1.      By previous order, this matter was set for status on March 25, 2021.

2.      By this stipulation, defendant now moves to continue the status conference until June 3, 2021, at 9:30 a.m., and to exclude time between March 25, 2021, and June 3, 2021, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4].

3.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes approximately 2,416 pages of documents including investigative reports, laboratory reports, information regarding potential witnesses, and copies of letters that form the bases of the charges in this case, as well as other letters and writing of the defendant.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

b)      The government has represented that additional discovery will be produced on a rolling basis as it is gathered and prepared for production.

c)      In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel for defendant desires additional time to review the discovery, consult with his client, conduct investigation and research related to the charges and to otherwise prepare for trial.  Further, the government has extended a plea offer, and counsel for the defendant requires additional time to consult with his client regarding potential resolutions of the case and to conduct research into various matters that could potentially affect sentencing.

d)      Defense counsel has also represented that since the parties' previous stipulation, Defense counsel has consulted with an expert to conduct an evaluation of the defendant for defense investigation purposes. Defense counsel continues to investigate the case, including

1    awaiting the results of this evaluation, and requests additional time to investigate and consult

2    with the defendant.

3         e)    Counsel for defendant believes that failure to grant the above-requested

4    continuance would deny him the reasonable time necessary for effective preparation, taking into

5    account the exercise of due diligence.

6         f)    The government does not object to the continuance.

7         g)    Based on the above-stated findings, the ends of justice served by continuing the

8    case as requested outweigh the interest of the public and the defendant in a trial within the

9    original date prescribed by the Speedy Trial Act.

10        h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

11   et seq., within which trial must commence, the time period of March 25, 2021 to June 3, 2021,

12   inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

13   because it results from a continuance granted by the Court at defendant's request on the basis of

14   the Court's finding that the ends of justice served by taking such action outweigh the best interest

15   of the public and the defendant in a speedy trial.

16   / / /

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.


Dated:  March 22, 2021                          PHILLIP A. TALBERT
                                                Acting United States Attorney


                                                /s/ SHEA J. KENNY
                                                SHEA J. KENNY
                                                Assistant United States Attorney


Dated:  March 22, 2021                          /s/ JEROME PRICE
                                                JEROME PRICE
                                                Counsel for Defendant
                                                DARNELL RAY OWENS




**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 22nd day of March, 2021.




                                                Troy L. Nunley
                                                United States District Judge