PHILLIP A. TALBERT
Acting United States Attorney
MICHELE BECKWITH
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARNELL RAY OWENS,<br><br>Defendant. | CASE NO. 2:19-CR-00058-TLN<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 4, 2021<br>TIME: 9:30 a.m.<br>COURT: Hon. Troy L. Nunley |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on November 4, 2021.

2. By this stipulation, defendant now moves to continue the status conference until January 27, 2022, at 9:30 a.m., and to exclude time between November 4, 2021, and January 27, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) On February 21, 2020, the government produced an additional 35 pages of documents in discovery, including investigative reports and additional letters written by the defendant to potential witnesses in this case.

    b) The government has represented that the discovery thus far produced in this case

includes approximately 2,416 pages of documents including investigative reports, laboratory reports, information regarding potential witnesses, and copies of letters that form the bases of the charges in this case.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

       c)      The government has represented that additional discovery will be produced on a rolling basis as it is gathered and prepared for production.

       d)      Counsel for defendant desires additional time to review the discovery, consult with his client, conduct investigation and research related to the charges, and to otherwise prepare for trial.

       e)      Defense counsel has also represented that he has consulted with an expert to conduct an evaluation of the defendant for defense investigation purposes. Defense counsel has represented that the expert has produced a written report to defense counsel. Defense counsel requires additional time to review the expert's report and to further investigate and consult with the defendant regarding the evaluation and report.

       f)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

       g)      The government does not object to the continuance.

       h)      In addition to the foregoing, during the time that this case has been continued, the Court has issued a series of orders responding to the global coronavirus pandemic.  Numerous cases, including this one, were continued during that time, as jury trial were suspended and the Court slowly began reinstituting in-person proceedings.  Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id*. at 507.  Moreover, any such failure cannot be harmless.  Id. at 509; see also *United States v. Ramirez-Cortez*, 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge

ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

     i)     Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

     j)     The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States*, 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption created "appreciable difficulty" for the trial to proceed.  Id. at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing Furlow to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

     k)     The coronavirus has posed a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is

particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial.  *Id.*

l) Although the Court has begun to conduct jury trials, only a handful of criminal jury trials have concluded, and Sacramento continues to see numerous coronavirus cases. Moreover, even though trials have begun, they are not proceeding at their normal pace, as precautions are taken to limit the number of trials occurring in the building at any one time (e.g., the Clerk's proposed plan is to hold only one trial per floor at a time).

m) In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United* States v. Lewis, 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

n) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

o) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 4, 2021 to January 27, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

///
///
///
///
///

///

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 2, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ MICHELE BECKWITH
MICHELE BECKWITH
Assistant United States Attorney

HEATHER E. WILLIAMS
Federal Defender

Date: November 2, 2021

/s/  Jerome Price
JEROME PRICE
Assistant Federal Defender
Attorney for Defendant
DARNELL RAY OWENS

**FINDINGS AND ORDER**

IT IS SO FOUND AND ORDERED this 2nd day of November, 2021.

Troy L. Nunley
United States District Judge